The opinion of the court, teas' delivered by

Mr. Justice JYott.

It appears to be a much more difficult matter than one would imagine to lay down a rule by which it may be determined in what cases a person is, or is not entitled to recover interest. In the case of Godard and Bulow, 1 N. & M. 45-, the subject was pretty fully considered, and although there was some diversity of opinion among the judges at that time, I believe the rule there laid down has been acted upon ever since. The yendue act, under which this action is brought, 2d. Brevard, 325, subjects thé purchaser to the payment of all damages which the seller may have sustained by the non-performance of the contract.’ Tiie damages which he must be supposed to have sustained, ought, I think, to he at least the difference betwixt the two sales and the interest upon it. I have no doubt therefore but that the jury might have given damages to that amount, but whether they could give interest, eo nomine, is’ the question. It is therefore more a question of form than substance; and in such cases the court will not be very astute to en-quire whether they cannot grant a new trial. But I do not thinls that even that difficulty stands in our way in this case. The vendue-master was the agent of both parties. His entry in his books,- ivhs a liquidation of the demand, and on that ground the plaintiff was entitled to interest.
The motion, therefore, must be refused.-—
Colcock, Gantt and Johnson, Justices, concurred,-